IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SAUL MOLINA MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02894-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| RANDALL SCHMIDT, MPD Officer, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY
AND ORDER APPOINTING CJA COUNSEL FOR A LIMITED PURPOSE**

Pro se Plaintiff Saul Molina Martinez[1] sued pro se under 42 U.S.C. § 1983, alleging about "fifteen police officers" used excessive force against him during his arrest. (ECF No. 1-2 at PageID 7.) He alleges that officers slammed his face onto the concrete, bloodied his eye, dislocated his right elbow, cracked his ribs, and broke his left foot. (*Id.*)

He also claims he received inadequate medical care both at the scene of his arrest and at the Shelby County Criminal Justice Center ("CJC") during the two weeks after. (*Id.*) He makes allegations against: (1) Defendant Randall Schmidt, a Memphis Police Department ("MPD") Officer, (2) several John/Jane Doe Memphis Police Officers; and (3) several John/Jane Doe Shelby County Criminal Justice Center Officers.

---

[1] Martinez is in state custody, Tennessee Department of Correction prisoner number 19112382. Tennessee is currently housing him at the Shelby County Criminal Justice Center in Memphis, Tennessee.

The Court then granted Plaintiff time to investigate his claims further and conduct initial discovery in order to amend his complaint to include the names of the officers he alleges used excessive force against him.  (ECF No. 6.)

So Plaintiff moved for discovery, asking the Court to order the MPD and the CJC to produce discovery to him.  (ECF No. 7.)  But Plaintiff is improperly seeking discovery from a nonparty whom he has not properly served with a subpoena.  *See Rittner v. Thrower*, No. 2:06-cv-471, 2007 WL 756704, *6 (S.D. Ohio Mar. 8, 2007) ("A party proceeding *in forma pauperis*, including prisoners, are not relieved from [the obligations set forth in Rule 45(b)(1)]."); *Colton v. Scutt*, No. 10-cv-13073, 2012 WL 5383115, at *3 (E.D. Mich. Nov. 1, 2012) (stating, with respect to prisoner-plaintiff's motion to compel documents from a nonparty, that "[t]he Court is without authority to compel the production of documents from a nonparty who has not been properly served with a subpoena").  Because Plaintiff improperly seeks court-ordered discovery from a nonparty to the case, the Court **DENIES** Plaintiff's motion for initial discovery.  (ECF No. 7.)  But there is more to this issue.

District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(d).  In determining whether exceptional circumstances exist to justify the appointment of counsel in civil cases, the Sixth Circuit Court of Appeals instructs district courts to look at the type of case, the merits of the claims, and the ability of the litigant to represent themselves.  *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  "This generally involves a determination of the complexity of the factual and legal issues involved."  *Id.*

Although this case does not appear to involve particularly complex factual or legal issues, the Court finds that Plaintiff made a threshold showing of some likelihood of merit.  The Court therefore respectfully **DIRECTS** the Clerk of Court to engage an attorney to represent Plaintiff

for the limited purpose of helping him obtain the names of the officers he alleges violated his constitutional rights so that Plaintiff may amend his pro se complaint to include those parties. After Plaintiff obtains such information, appointed counsel will be permitted to withdraw if he or she wishes.

**SO ORDERED**, this 20th day of August, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE